O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA URICH,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. ED CV 07-1335-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## I.
## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ properly considered the type, dosage and side effects of Plaintiff's medications;[3]
2. Whether the ALJ properly rated Plaintiff's mental impairment; and
3. Whether the ALJ posed a complete hypothetical to the vocational expert ("VE").

(JS at 2.)

## II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir.

---

[3] Plaintiff alleges that the ALJ selectively misrepresented the record regarding Plaintiff's "multiple side effects" from medication. (JS at 2-5.) This contention is related, if not identical, to whether the ALJ considered the type, dosage and side effects of Plaintiff's medications. Thus, the Court will discuss these issues together.

1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

### A. The ALJ Did Not Err in Considering the Side Effects of Plaintiff's Medications.

Plaintiff contends that in violation of Social Security Ruling 96-7p, the ALJ failed to consider the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms." (JS at 4-6.)  Specifically, Plaintiff claims that if the ALJ chose to disregard Plaintiff's testimony as to the side effects, he must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with Plaintiff's medications.  (Id. at 6.)

Under Ninth Circuit law, the ALJ must "consider *all* factors that might have a 'significant impact on an individual's ability to work.'"  Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993) (quoting Varney v. Sec'y of Health & Human Servs., 846 F.2d 581, 585 (9th Cir.), relief modified, 859 F.2d 1396 (1988)).  Such factors "may include side effects of medications as well as subjective evidence of pain."  Erickson, 9 F.3d at 818.  When the ALJ disregards the claimant's testimony as to subjective limitations of side effects, he or she must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medications.  See Varney, 846 F.2d at 585; see also Muhammed v. Apfel, No. C98-02952-CRB, 1999 WL 260974 (N.D. Cal. 1999).

Here, Plaintiff alleges that she provided detailed testimony regarding multiple side effects from her medications.  (JS at 3-4.)  At the hearing, Plaintiff

testified that she was taking the following medications: (1) Atenolol; (2) Norvasc; (3) Hydrocholorothiazide for hypertension; (4) Soma as a muscle relaxer; and (5) Norvil for a general pain reliever. (AR at 226.) In response to whether the above medication caused any side effects, Plaintiff testified as follows:

> I frequently have to go to the bathroom, because that's a water pill. I get headaches, nausea, dizzy. . . . If I'm off the medication [Atenolol] I could have a heart attack, and it's just basically, you know, side effects that even scares me to take a pressure pill. Like I haven't had pressure pills for 2 days, and I've been getting heart beat is [sic] crazy. . . . Basically that I'm in a lot of pain, Your Honor. And as we sit here and talk, I'm very dizzy from my pressure, like I said, it can reach a dangerous level at any time.

(Id. at 227.) Plaintiff also indicated that she has difficulty sleeping "[b]ecause of pain, it gets in my head, and my head just throbs, and it's hard for me to sleep. It's hard for me to lay down sometimes." (Id. at 229.) Finally, Plaintiff testified that although she sleeps approximately three to four hours a night, she feels tired because of the medication. (Id.) Specifically, Plaintiff stated, "No, it's the medication I've been taking. A lot of worry and pain. The pain won't let me sleep sometimes." (Id.)

Despite Plaintiff's testimony, the medical record is virtually devoid of any evidence documenting her alleged side effects. First, in her disability application, Plaintiff reported taking Procardia and HZT for high blood pressure, and Soma for pain. (Id. at 73, 81, 91.) During a consultative examination, Plaintiff also reported taking Dyazide and Soma, but did not specify any adverse side effects from the medications. (Id. at 160-65.) Plaintiff indicated that she experienced side effects of nausea and fatigue from HZT, and she experienced no side effects from Procardia and Soma. (Id. at 73, 81, 91.) Notably, Plaintiff failed to

4

complain of HZT side effects to any of her treating doctors. (Id. at 112-214.) In Plaintiff's treatment records from Community Hospital San Bernardino, Paradise Valley Hospital, and Arrowhead Regional Medical Center, there is no evidence that Plaintiff mentioned any side effects from medications to her treating physicans. (Id. at 112-65, 169-214.) Thus, the only evidence, arguably, of adverse side effects from medications was Plaintiff's own statement of nausea and fatigue from HZT in her application. However, nowhere did Plaintiff, nor Plaintiff's treating or consultative physicians, describe how the side effects from HZT interfered with work ability.

Plaintiff does not dispute that medication side effects must be medically documented in order to be considered. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985). On this record, the Court is unable to find that the alleged side effects of Plaintiff's medications were medically documented. (AR at 112-214.) As a result, there was no reason for the ALJ to consider these potential side effects, and there was no legal error in his failure to do so.

Nevertheless, the ALJ stated the following regarding Plaintiff's medication side-effects:

> Although the claimant has been prescribed and when she has taken appropriate medications for the alleged impairments, the objective medical evidence shows that the medications have been relatively effective in controlling the claimant's symptoms. Moreover, the claimant has not alleged any side effects from the use of medications.

(AR at 17.) The ALJ appears to have disregarded Plaintiff's testimony regarding her side effects without providing specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Varney, 846 F.2d at 545. However, in light of the ALJ's finding that

5

Plaintiff's subjective complaints were not credible to establish a more restrictive residual functional capacity (AR at 16-17), the ALJ was not required to more fully assess any functional impairments related to Plaintiff's alleged side effects. See Thomas v. Barnhart, 278 F.3d 947, 959-60 (9th Cir. 2002). Finally, even assuming that the ALJ erred, any error here is harmless. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error rule applies to review of administrative decisions regarding disability); Booz v. Sec'y of Health and Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984) (same). As stated above, there is no indication in the record that Plaintiff ever complained to her treating or consultative physicians about her alleged side effects. (AR at 112-214.) Plaintiff's argument, thus, that this matter should be remanded in order to properly consider the side effects of her medications is without merit.

Based on the foregoing, the Court finds that the ALJ did not err by failing to consider the side effects of Plaintiff's medications, as required by Social Security Ruling 96-7p.

**B.  The ALJ Did Not Err by Failing to Develop the Record Regarding Plaintiff's Alleged Mental Impairment.**

Plaintiff also alleges that the ALJ impermissibly substituted his own speculative and unsupported opinion in the place of medical expert opinion, to conclude that Plaintiff does not have a mental impairment. (JS at 7-9.) Plaintiff is essentially claiming that the ALJ failed to properly develop the record when he failed to ascertain additional information regarding Plaintiff's mental impairment. (Id.)

The ALJ has an independent duty to fully and fairly develop a record in order to make a fair determination as to disability, even where, as here, the claimant is represented by counsel. See Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); see also Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.

2001) (citing Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)); Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (citing Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)).  The duty is heightened when the claimant is unrepresented or is mentally ill and thus unable to protect her own interests.  Celaya, 332 F.3d at 1183; Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir. 1992); see also Burch v. Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005) (distinguishing Burch from Celaya at least in part, based on the fact that the plaintiff in Burch was represented by counsel).  Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry."  See Tonapetyan, 242 F.3d at 1150.

However, it is the plaintiff's duty to prove that she is disabled.  Mayes v. Massanari, 276 F.3d 453, 458 (9th Cir. 2001) (citing 42 U.S.C. § 423(d)(5) (Supp. 2001) and Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir. 1990)).  As noted in Mayes, an ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  Mayes, 276 F.3d at 459, 460.

Here, the ALJ determined that Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine.  (AR at 15.)  In her disability application, Plaintiff stated that she was seeking benefits for problems associated with high blood pressure, stroke, back and neck pain.  (Id. at 69.)  Moreover, Plaintiff's treatment records from Community Hospital San Bernardino, Paradise Valley Hospital, and Arrowhead Regional Medical Center ("Arrowhead") mainly reflect treatment for high blood pressure and back pain.  (Id. AR at 112-59, 177-214.)  Plaintiff did, however, describe panic attacks, a fluttering heart, anxiety and blurred vision when she suffered a fall and sought treatment at Arrowhead.  Notably, Plaintiff was not prescribed any medication to alleviate such symptoms,

nor was she diagnosed with a mental impairment at the time. (Id. at 210.) At a later visit, Plaintiff was described as unable to work, homeless, depressed and her affect flat. (Id. at 214.) Thereafter on June 10, 2005, Plaintiff was assessed with depression, prescribed Zoloft, and referred to follow-up at a "psych clinic." (Id. at 213.) There is no evidence that Plaintiff sought further treatment with a psychiatrist, nor did Plaintiff testify of any ongoing mental health treatment. (Id. at 215-35.) Moreover, in the disability report, the field officer observed that Plaintiff had no difficulty with any of the following: understanding, coherency, concentrating, talking, answering. (Id. at 65-66.)

The evidence regarding Plaintiff's mental impairment was not ambiguous, thereby preventing the ALJ from properly evaluating the evidence. See Tonapetyan, 242 F.3d at 1150. Rather, there was a lack of significant evidence suggesting that Plaintiff suffered from any mental impairments. The isolated instances in the record that Plaintiff relies on to demonstrate her alleged mental impairments hardly establish any indication of a severe or even plausible impairment. (AR at 210, 213-14.) Moreover, it is Plaintiff's duty to prove that she is disabled. See Mayes, 276 F.3d at 458. Plaintiff fails to do so here by offering no significant evidence showing sustained treatment for her alleged mental impairments, nor does she provide any testimony regarding such impairments. (AR at 215-35.) Based on the foregoing, the Court finds that the ALJ fully and fairly developed the record with respect to Plaintiff's severe impairments. See Mayes, 276 F.3d at 459, 460.

**C.     The ALJ Posed a Complete Hypothetical.**

Plaintiff's final argument is that the ALJ impermissibly presented incomplete hypotheticals to the VE when he failed to include Plaintiff's limitations associated with her mental impairment and medication side-effects. (JS at 10-12.) The Court disagrees.

Hypothetical questions posed to a VE need not include all alleged limitations, but rather those limitations which the ALJ finds to exist. Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

Here, as discussed above, the ALJ did not find Plaintiff's assertions of limitations due to medication side-effects or mental impairments to be valid or supported by the evidence in the record. See, supra, Discussion, Part III.A-B. As a result, there was no error in the ALJ's hypothetical questions to the VE which did not include Plaintiff's alleged medication side-effects or mental impairments. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove.")

///
///
///
///
///
///

**IV.**

## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: March 3, 2009

HONORABLE OSWALD PARADA
United States Magistrate Judge